IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:16-CV-264-BO

| | |
|---|---|
| HAROLD GREEN MCKINNON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| J. STEWART BUTLER and STACEY E. TALLY, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on plaintiff Harold McKinnon's *pro se* motions to compel, for an extension for time, to reconsider, and for recusal.

## DISCUSSION

Upon review of plaintiff's complaint following its grant of *in forma pauperis* status, the Court determined that dismissal of plaintiff's claims against defendants James Michael Spell, James Bertice Spell, Spell and Son Farms and/or Spell and Sons Farms (Spell defendants), and North Carolina Farm Bureau Insurance was appropriate under the *Rooker-Feldman* doctrine. [DE 11]. The Court further permitted plaintiff until July 15, 2016, to particularize his complaint regarding the remaining claims and defendants.

I. MOTION FOR EXTENSION OF TIME AND TEMPORARY INJUNCTION

Plaintiff has moved for an extension of time and a temporary injunction of ninety days to adjudicate the controversy and issues of denying his claims against the Spell defendants. Plaintiff has proffered no grounds for or authority under which the Court could enjoin its own order dismissing defendants in this matter, and his request is therefore denied. Plaintiff is, however, allowed an extension of time within which to comply with the Court's order to

particularize. Plaintiff's particularized complaint must be filed not later than September 15, 2016. Failure to comply with the Court's order to particularize shall result in sanctions, which may include dismissal of this action with prejudice. This motion is thus granted in part and denied in part.

II. MOTION FOR RECONSIDERATION

Plaintiff asks the Court to reconsider its order dismissing plaintiff's claims against the Spell defendants and North Carolina Farm Bureau Insurance Co. Plaintiff alleges that he was denied the right to appeal, that he has proof of the same, and that the Spell defendants and North Carolina Farm Bureau Insurance Co. had personal knowledge of and involvement in the conduct of the conspiracy against plaintiff as alleged in his complaint.

Rule 54(b) of the Federal Rules of Civil Procedure provides that a court may revise an order prior to entry of judgment adjudicating all claims as against all defendants. Fed. R. Civ. P. 54(b); *see also Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir. 2003) ("a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted."). Motions to reconsider under Rule 54(b) are decided under a less stringent standard than those which ask for modification of final judgments, and in deciding a motion to reconsider courts will generally consider whether a subsequent trial results in substantially different evidence, whether controlling authority has made applicable a contrary decision of law, or the prior order was clearly erroneous and would result in manifest injustice. *Id.* (citations omitted).

Plaintiff has not satisfied his burden to demonstrate that the Court's order dismissing defendants was clearly erroneous or resulted in manifest injustice. Plaintiff's motion merely recounts conclusory statements about defendants' actions which were alleged in the complaint,

2

and plaintiff's argument that the state defendants had a personal outcome in the state proceedings is insufficient to support a claim for conspiracy under § 1985. *See Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995) (citation omitted) ("A conspiracy alleged in a conclusory manner and without concrete supporting facts must be dismissed."). The Court thus declines to reconsider its prior order and this motion is denied.

III. MOTION FOR RECUSAL

Plaintiff moves for the Court's recusal based on its dismissal of the Spell defendants and North Carolina Farm Bureau Insurance Co., arguing that the dismissal of these defendants demonstrates racial injustice and the Court's unfairness and refusal to assent to the rules of law. Plaintiff contends that he could never receive justice before this Court, which the Court fails to have a true concern for rendering. Plaintiff further notes that the judge who presided over his state court action was, before she became a state court judge, a lawyer who practiced in the U.S. District Court for the Eastern District of North Carolina and that this Court cannot therefore be impartial in this case.

A judge of the United States "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). However, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Thus, plaintiff's argument that the Court is biased based solely on its prior order fails. Plaintiff's contention that this Court is somehow biased in light of the state court judge having formerly practiced as an attorney before it is at best unsupported or irrational speculation, which does not form a proper basis for recusal. *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (quoting *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)). Plaintiff's motion for recusal is denied.

3

IV. MOTION TO COMPEL

Plaintiff has moved to compel and for permission to supplement, contending that he should be allowed to set forth specific facts showing that there is a genuine issue for trial. As plaintiff's particularized complaint has not been filed nor permitted by the Court to proceed, plaintiff's motion to compel is premature and is denied without prejudice.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for extension of time and for temporary injunction [DE 12] is GRANTED IN PART and DENIED IN PART. Plaintiff's motions for reconsideration, for recusal, and to compel [DE 13, 14, 8] are DENIED. Plaintiff shall file his particularized complaint not later than September 15, 2016, and failure to comply with the Court's order shall result in sanctions, including dismissal of this action.

SO ORDERED, this 31 day of August, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4