IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:16-CV-264-BO

| | |
|---|---|
| HAROLD GREEN MCKINNON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) O R D E R |
| J. STEWART BUTLER and STACEY E. TALLY, | ) ) ) |
| Defendants. | ) |

This matter is before the Court on plaintiff Harold McKinnon's *pro se* motion requesting that this Court invoke jurisdiction over the instant action, filed as a motion entitled conspiracy to defraud, deprivation of rights, double standards, impropriety, inappropriate behavior of threats and intimidation, abuse of power.

## BACKGROUND

Upon review of plaintiff's complaint following its grant of *in forma pauperis* status, the Court determined that dismissal of plaintiff's claims against defendants James Michael Spell, James Bertice Spell, Spell and Son Farms and/or Spell and Sons Farms (Spell defendants), and North Carolina Farm Bureau Insurance was appropriate under the *Rooker-Feldman* doctrine. [DE 11]. The Court further permitted plaintiff until July 15, 2016, to particularize his complaint regarding the remaining claims and defendants.

By order entered August 31, 2016, the Court allowed plaintiff additional time within which to particularize his complaint and again notified plaintiff that failure to comply the Court's order may result in the imposition of sanctions, including dismissal of plaintiff's complaint. [DE 15]. The Court further denied plaintiff's request for reconsideration of the Court's prior order

dismissing defendants pursuant to the *Rooker-Feldman* doctrine, denied plaintiff's motion for recusal of the undersigned, and denied without prejudice plaintiff's motion to compel. *Id.*

DISCUSSION

Plaintiff's current filing before the Court cannot be even liberally construed as a particularized complaint. Plaintiff continues to oppose the Court's order dismissing defendants pursuant to the *Rooker-Feldman* doctrine, arguing that such ruling was done with malicious intent to deny plaintiff justice, redress, and due process of law. Plaintiff has failed, however, to particularize his claims against defendants Butler and Talley. In the instant filing plaintiff continues to attack the entirety of the state court proceeding, contending, for example, that all of the defendants violated his Sixth Amendment right to a jury trial. The Sixth Amendment is not implicated, however, in civil proceedings. *Turner v. Rogers*, 564 U.S. 431, 441 (2011). Plaintiff's attachments to the instant filing concern his 1991 criminal case before this Court and related proceedings, and are not germane to his complaint regarding his civil proceedings in state court. Although plaintiff has presumably filed these attachments in an effort to demonstrate a continuing conspiracy by the courts against him, they simply fail to shed any further light on his allegations against Butler and Talley.

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with its orders, as the power to do so "has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (quotation omitted); *McCargo v. Hedrick*, 545 F.2d 393, 396 (4th Cir. 1976). When deciding whether dismissal pursuant to Rule 41(b) is appropriate, a court considers "(1) the degree of

2

personal responsibility on the part of the plaintiff; (2) the amount of prejudice caused to defendant by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less harsh than dismissal." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (quotations and citation omitted).

Having considered the relevant factors, the Court finds that dismissal of this action is warranted. Plaintiff has twice been notified that failure to particularize his complaint against the remaining defendants would result in dismissal and plaintiff has failed to comply with the Court's orders. Plaintiff is proceeding in this matter *pro se*, and thus his non-compliance is attributable directly to him. As the defendants in this matter have not appeared there is no prejudice to them at this stage, but the Court is unaware of a sanction less harsh than dismissal which would be appropriate in this instance.

## CONCLUSION

Plaintiff's motion titled conspiracy to defraud [DE 16] is DENIED and plaintiff's complaint is DISMISSED in its entirety pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The clerk is DIRECTED to close the file.

SO ORDERED, this __14__ day of November, 2016.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE